**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**CHARLES NATHAN SPYKER,**              CASE NO. 3:25 CV 2265

    Plaintiff,

    v.                                  JUDGE JAMES R. KNEPP II

**HON. JOHN P. GUSTAFSON, et al.,**

    Defendants.                         **DISMISSAL ORDER**


Plaintiff Charles Nathan Spyker is a debtor in a Chapter 7 bankruptcy case filed June 23, 2025, in the United States Bankruptcy Court for the Northern District of Ohio. *See In re: Charles N. Spyke*r, No. 25-31306 (Bankr. N.D. Ohio). In this case, Plaintiff filed a "Verified Petition for Mandamus to Compel Specific Performance of Equitable Trust Duties" against the Bankruptcy Court Judge overseeing his Chapter 7 Bankruptcy proceedings, the Honorable John P. Gustafson, and the Trustee of those proceedings, Douglas A. Dymarkowski. *See* Doc. 1.

In his Complaint, Plaintiff seeks an order "compelling . . . Respondents to perform clear, non-discretionary, fiduciary, and ministerial duties arising from the surrender of intangible personal property unto the trustee." *Id.* at 2. In his prayer for relief, Plaintiff seeks a Writ of Mandamus directing Respondents to:

1. Compel immediate performance:
   Enforce and execute the power of appointment of rights and all duties owed under the trust and contract.

2. Require exclusive equitable conduct:
   Direct the Respondents, including the Bankruptcy Judge and Trustee, to proceed and perform all duties arising from the trust and the underlying bankruptcy case in exclusive equity, guided by the principles of fairness, good faith, and fiduciary obligation, and not under any inferior or administrative procedure inconsistent with constitutional due process.

3. Direct equitable treatment of the bankruptcy case:
Petitioner requests that this Court, sitting in its Article III capacity, ensure that all proceedings in the related bankruptcy matter are administered according to the principles of equity[,] protecting fairness, fiduciary responsibility, due process[,] and that the Bankruptcy Judge and Trustee conduct their duties consistent with those equitable standards.

4. Account and return equitable estate:
Require payments of all debts and obligations to the United States, and order that the remainder of the estate be returned to Petitioner as the rightful equitable owner and beneficiary.

5. Order equitable tracing:
Direct a full accounting and tracing of trust property, proceeds, and benefits for restoration to the rightful beneficiary.

6. Restore proper name and status:
Reinstate Petitioner's lawful name, status, and immunity as equitable obligations to the United States have been satisfied.

7. Issue immediate injunction:
Enjoin any further acts of foreclosure, administration, or public taking of Petitioner's property or rights, and order the cessation of all actions causing harm to Petitioner's person, property, or effects.

8. Return of custodial property:
Compel any custodian or public officer holding Petitioner's property to deliver the same to the Trustee/Appointee for equitable distribution and return.

9. Grant further relief:
Provide such other and further relief as this Court deems just, equitable, and proper.

(Doc. 1, at 6-8).

Dymarkowski moves to dismiss the matter for lack of subject-matter jurisdiction based on the *Barton* doctrine. *See* Doc. 6, at 2 (citing *Barton v. Barbour*, 104 U.S. 126 (1881)). In *Barton*, the Supreme Court held that "before suit is brought against a receiver leave of the court by which he was appointed must be obtained." 104 U.S. at 127. The doctrine applies to trustees. *See In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) ("It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing

forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court."); *see also Muratore v. Darr*, 375 F.3d 140 (1st Cir. 2004) (holding the *Barton* doctrine barred federal district court action against bankruptcy trustee).[1]

Dymarkowski contends Plaintiff's Complaint contains allegations "aris[ing] entirely out of acts taken by [Dymarkowski] in the administration of the Plaintiff's bankruptcy estate, including actions performed under authority of the Bankruptcy Code and Orders of the Bankruptcy Court." (Doc. 6, at 2). Thus, he contends, the *Barton* doctrine bars Plaintiff's claims because Plaintiff has not obtained leave from the bankruptcy court. *Id.* at 4. Plaintiff responds that he seeks only equitable relief. *See* Doc. 8.

Upon review, the Court finds Plaintiff has not demonstrated he is entitled to the mandamus relief he seeks.

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. And "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "Mandamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes.'" *In re King's Daughters Health Sys., Inc.*, 31 F.4th 520, 525 (6th Cir. 2022) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)). "Because the writ of mandamus 'is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue.'" *Id.* (quoting *Cheney*, 542 U.S. at 380). Those conditions are: (1) the "petitioner must 'have no other adequate means to attain the relief it desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals

---

1. 28 U.S.C. § 959(a) provides an exception to the *Barton* doctrine not applicable here.

process;'" (2) the "petitioner must show a 'clear and indisputable' right to the relief sought;" and (3) the "petitioner must show that issuing the writ is otherwise 'appropriate under the circumstances.'" *Id.* at 525-26 (quoting *Cheney*, 542 U.S. at 380-81).

First, to the extent Plaintiff seeks to sue Dymarkowski for actions taken in the bankruptcy proceeding, Dymarkowski is correct that the *Barton* doctrine bars such claims.

Second, Plaintiff has not demonstrated entitlement to the extraordinary remedy of mandamus against either Dymarkowski or Judge Gustafson. Upon review of all the filings, the Court finds Plaintiff has not established a "clear and indisputable" right to the relief he seeks or that issuing the writ is appropriate. Moreover, Plaintiff's claims regarding the propriety of the Trustee's actions or the Bankruptcy Judge's actions can be addressed in the bankruptcy proceeding.

Motions to Seal

Subsequent to the filing of the Motion to Dismiss, Plaintiff filed three additional Motions to Seal. (Docs. 11, 12, 15). To these Motions, Plaintiff attached some documents containing personal information. *See* Docs. 11-1, 12-1. Plaintiff's Motions, to the extent they seek to seal the case in its entirety, are denied. However, the Court will restrict access to the documents containing personally identifying information to case participants only.

For the foregoing reasons, good cause appearing, it is

ORDERED that Dymarkowski's Motion to Dismiss (Doc. 6) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED Petition for Mandamus (Doc. 1), be and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion to Abate and Strike (Doc. 8) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Motions to Seal (Docs. 11, 12, 15) be, and the same hereby are, DENIED; and it is

FURTHER ORDERED that Plaintiff's Petition for Mandamus Relief (Doc. 16) and Motion to Show Cause (Doc. 17) be, and the same hereby, are DENIED.

  s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 15, 2026